UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-10730-GAO

JOSEPH TRAVERS, LAWRENCE McCARTHY, RANDOLPH TRIM,
EZEQUIAS MARTINS PAZ, JING WEI, ANDREW STONE, ABDELATI ENNAKORI,
RACHID FAIZ, HANNAH MORRIS, MOISES JACKSON, KEVIN McDOWELL,
and all others similarly situated,
Plaintiffs,

v.

JETBLUE AIRWAYS CORPORATION and FLIGHT SERVICES AND SYSTEMS, INC.,
Defendants.

OPINION AND ORDER
July 23, 2009

O'TOOLE, D.J.

Skycaps, who assist airline passengers with the curbside check-in of their luggage, receive most of their compensation in the form of tips paid by the passengers. The plaintiffs, past and present skycaps for JetBlue Airways Corporation ("JetBlue"), accuse the airline of diverting tip revenue to itself by its imposition of a $2 fee assessed for each bag checked at the curbside (the "curbside check-in fee"). According to the plaintiffs, passengers erroneously believe the $2 fee goes directly to the skycaps because it is cash only, physically collected by the skycaps, and in an amount typically (that is, historically) given as a tip. The plaintiffs allege that the curbside check-in fee has caused their compensation to decrease dramatically because few passengers give a tip in addition to the $2 fee.

The amended complaint asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, the Massachusetts Minimum Wage Law, Mass. Gen. Laws ch. 151, §§ 1, 7, the Massachusetts Tips Law, Mass. Gen. Laws ch. 149, § 152A, and state common law claims for

tortious interference with contractual and/or advantageous relations and unjust enrichment/ quantum meruit. JetBlue has moved to dismiss all state law claims as expressly preempted by the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. § 41713(b)(1), or impliedly preempted by the Federal Aviation Act ("FAA"), 49 U.S.C. § 49191 et seq.. Alternatively, JetBlue moves to dismiss the tortious interference and unjust enrichment claims for failure to state a claim.

All preemption challenges "ultimately turn[] on congressional intent," Good v. Altria Group, Inc., 501 F.3d 29, 33 (1st Cir. 2007), and the "primary indicator of intent is the text of the congressional act claimed to have the preemptive effect," id. at 34.

The ADA's preemption provision states: "[A] State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law *related to a price, route, or service of an air carrier* . . . ." 49 U.S.C. § 41713(b)(1) (emphasis added). Relying on the words "related to," the Supreme Court has emphasized that the ADA expresses a broad preemptive purpose. Morales v. Trans World Airlines, Inc., 504 U.S. 374, 384 (1992); see Altria Group, Inc. v. Good, 129 S. Ct. 538, 547 (2008) (recognizing the "unusual breadth of the ADA's pre-emption provision"). State law claims are "related to" an airline's prices, routes, or services, and thus preempted, if the state law either, on its face, "explicitly refers to" or, in application, has a "significant effect" on an airline's prices, routes, or services. Buck v. Am. Airlines, Inc., 476 F.3d 29, 34 (1st Cir. 2007); United Parcel Serv., Inc. v. Flores-Galarza, 318 F.3d 323, 335 (1st Cir. 2003). On the other hand, state law claims having only a "tenuous, remote, or peripheral" relationship to an airline's prices, routes, or services are not preempted. Morales, 504 U.S. at 390. Evaluation of this relationship centers "on the *effect* that the state law has on airline operations," not on "the state's *purpose* for enacting the law." N.H. Motor Transp. Ass'n v. Rowe, 448 F.3d 66, 78 (1st Cir. 2006) (emphasis in original).

2

Contrary to the plaintiffs' assertion, state police power enactments are not excluded from preemption under the ADA. See Rowe, 448 F.3d at 76, 78 ("An exclusion from preemption for police-power enactments would surely 'swallow the rule of preemption,' as most state laws are enacted pursuant to this authority . . . We therefore conclude that the FAAAA[1] preempts state police-power enactments to the extent that they are 'related to' a carrier's prices, routes, or services.") (internal quotation omitted), aff'd 128 S. Ct. 989, 997 (2008).

The plaintiffs argue that the question of whether their state law claims are "related to" JetBlue's prices, routes, or services need not be reached because Congress did not intend for the ADA's preemption provision to apply to claims by employees, but intended it to apply only to claims by passengers and state officials. The plaintiffs have misunderstood congressional intent. Congress passed the ADA to end federal regulation of the airline industry and to encourage "reliance on competitive market forces" to foster "efficiency, innovation, and low prices" in the airline industry. See Morales, 504 U.S. at 378. Congress included the preemption provision to prevent States from filling this regulatory void and using state law to interfere with "market forces." See id. The ADA's legislative history makes clear that the preemption analysis should focus on the effect of the state law on airline services and rates. See Rowe, 448 F.3d at 77-78. The identity of the plaintiff is irrelevant.

Cases cited by the plaintiffs holding that employees' claims under state whistle-blower, anti-retaliation, and discrimination laws were not preempted does not change this conclusion. (See Pls.' Opp'n to Def. JetBlue Airways Corp.'s Mot. to Dismiss 4-5.) These cases prove only that the particular state laws at issue were judged to have only a remote or peripheral impact on an airline's prices, routes, or services. See, e.g., Gary v. Air Group, Inc., 397 F.3d 183, 189 (3d

---

[1] Cases interpreting the Federal Aviation Administration Authorization Act's ("FAAAA") preemption provision are binding in cases interpreting the ADA's preemption provision. See Rowe, 448 F.3d at 75.

Cir. 2005) ("We hold Gary's [retaliatory discharge] claim is not expressly preempted by the ADA because its connection to The Air Group's 'service of an air carrier', actual or potential, is simply too remote and too attenuated to fall within the scope of the ADA, 49 U.S.C. § 41713(b)(1)."). These cases do not carve out an exception for claims by employees.[2]

The question here, therefore, boils down to this: Are the plaintiffs' state law claims "related to" JetBlue's prices, routes, or services? The answer seems obvious. The plaintiffs seek to impose liability under the Massachusetts statutory and common law claims for JetBlue's action in setting (and collecting) a *price* for a *service* provided to its customers. To avoid liability under the state claims, JetBlue would have to alter its decisions about its price and services. Potential liability under the state claims, therefore, is a means by which the State effectively regulates JetBlue's price and service with respect to curbside check-in.

The plaintiffs' own argument necessarily acknowledges that their claims "relate to" JetBlue's price for the curbside baggage check-in. They claim not to challenge the existence of JetBlue's curbside check-in fee, but only the manner in which the fee is collected (i.e., cash-only, by the skycaps, and in an amount typically given as a tip). Two alternatives, which preserve skycap tip income, are proposed by the plaintiffs: JetBlue could charge the $2 fee either when passengers purchase their tickets or during self-check-in, and then list the charges as "baggage handling fees" on the passengers' receipts. (See Pls.' Opp'n to Def. JetBlue Airways Corp.'s Mot. to Dismiss 10 n.8.) To propose these two alternatives is to implicitly acknowledge that their

---

[2] The three wage-related cases cited by the plaintiffs are easily distinguished from the present case. Santoni Roig v. Iberia Lineas Aereas de Espana, 688 F. Supp. 810 (D.P.R. 1988), dealt with preemption under the FLSA and the FAA, not the ADA. DiFiore v. American Airlines, 483 F. Supp. 2d 121 (D. Mass. 2007), focused inappropriately on the purpose, not the effect, of the Tips Law, contrary to the First Circuit's direction in Rowe, 448 F.3d at 77-78, as confirmed by the Supreme Court, 128 S.Ct. at 996-98. Californians for Safe & Competitive Dump Truck Transportation v. Mendonca, 152 F.3d 1184 (9th Cir. 1998), is not binding as precedent and is not persuasive because it contains little explanation for its holding that the prevailing wage law was not preempted by the FAAAA.

state law claims are a vehicle for regulating JetBlue's assessment and collection of a fee for the curbside check-in service. The question, however, is not whether such regulation would be beneficial or desirable, but whether it is permitted in light of the ADA's broad preemption of any state regulation of an airline's "prices" or "services."

Furthermore, any argument that the state law claims here have no more than a "tenuous, remote, or peripheral" relationship to JetBlue's prices or services is belied by the plaintiffs' own complaint. They seek not only money damages for past wrongs, but also injunctive relief "ordering Defendants to cease their violations of the law." (Am. Compl. 10.) Whether indirectly, by threat of liability for money damages, or directly, by injunctive order, the plaintiffs' broader goal is to compel JetBlue to change its practices with respect to the imposition and collection of the curbside check-in fee. That relationship to JetBlue's prices and services is not "tenuous, remote, or peripheral."

In sum, the ADA preempts the plaintiffs' state law claims. The defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (dkt. no. 46) is GRANTED. Counts II–V of the amended complaint are dismissed as against JetBlue.

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge