UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-10730-GAO

JOSEPH TRAVERS, LAWRENCE McCARTY, RANDOLPH TRIM,
EZEQUIAS MARTINS PAZ, JING WEI, ANDREW STONE, ABDELATI ENNAKORI,
RACHID FAIZ, HANNAH MORRIS, MOISES JACKSON, KEVIN McDOWELL,
and all others similarly situated,
Plaintiffs,

v.

JETBLUE AIRWAYS CORPORATION and FLIGHT SERVICES AND SYSTEMS, INC.,
Defendants.

OPINION AND ORDER
September 30, 2010

O'TOOLE, D.J.

## I. JetBlue's Renewed Motion for Summary Judgment

JetBlue Airways Corporation's ("JetBlue") Renewed Motion for Summary Judgment (dkt. no. 106) is DENIED.

Disputes of fact preclude resolution of the joint employment issue on the present motion. Under Baystate Alternative Staffing, Inc. v. Herman, 163 F.3d 668, 675 (1st Cir. 1998), a primary consideration in determining joint employer status is whether the alleged employer "supervised and controlled employee work schedules or conditions of employment." Cf. Romano v. U-Haul Int'l, 233 F.3d 655, 666 (1st Cir. 2000) ("[C]ontrol of employment decisions is a primary consideration in evaluating employer status."). JetBlue's evidence indicates that only Flight Services and Systems, Inc. ("FSS") has the authority to discipline the skycaps and direct their daily performances, (see JetBlue Airways Corporation's Rule 56.1 Statement ¶¶ 17, 21-23), whereas the plaintiffs' evidence suggests that JetBlue managers regularly discipline and

supervise them, (see Pls.' Statement of Material Facts in Opp'n to Summ. J. & Response to Def.'s Statement of Material Facts ¶¶ 14, 15). Whether and to what extent JetBlue supervises and controls the plaintiffs is, as argued by the plaintiffs, a dispute of fact that must be resolved by a jury.

**II.     FSS's Motion for Summary Judgment**

FSS's Motion for Summary Judgment (dkt. no. 119) is GRANTED in PART and DENIED in PART.

Summary judgment shall enter in FSS's favor on the minimum wage claims raised by Hannah Morris and Andrew Stone. An employer is entitled to the tip credit only if "all tips received by [the] employee have been retained by the employee." 29 U.S.C. § 203(m). It is undisputed that Morris and Stone have retained all tips. And no support exists for the plaintiffs' theory that to establish a tip credit violation, they need only prove that employees have been subject to a policy which might result, but has not resulted, in a divestiture of tips received.

The tip credit itself undercuts the plaintiffs' theory. Statutory interpretation begins with the statute's plain language. Doe v. Leavitt, 552 F.3d 75, 83 (1st Cir. 2009). The tip credit speaks in terms of tips that "have been retained." 29 U.S.C. § 203(m). Congress' use of the phrase "have been" implies that it is the actual retention, not the theoretical retention, of tips that determines an employer's entitlement to the tip credit. See also United States v. Ron Pair Enter., Inc., 489 U.S. 235, 242 (1989) (explaining that literal application of a statute will rarely "produce a result demonstrably at odds with the intentions of its drafters").

In addition, the case law cited by the plaintiffs does not support their theory. Auer v. Robbins, 519 U.S. 452 (1997), the primary case relied on by the plaintiffs, is a particularly inapt analogy. Auer was a narrow decision interpreting 28 C.F.R. § 541.118(a), a regulation that is not

at issue here. That regulation provided that the executive, administrative, and professional employee exemption from the FLSA's overtime requirements did not apply to employees whose salaries were "'*subject to* reduction because of variations in the quality or quantity of the work performed.'" Auer, 519 U.S. at 455 (quoting 28 C.F.R. § 541.118(a)) (emphasis added). The Court held that an employee's being theoretically "subject to" the deduction was not sufficient to nullify the exemption. Rather, the Court approved the Secretary of Labor's interpretation that there would have to be an indication that deductions were actually made in practice or that there was a "significant likelihood" that they would be. Id. at 461. The Court's ruling was limited to the specific regulation at issue, based largely on deference to the Secretary's interpretation. Auer cannot be understood as a broad ruling necessarily applicable to other regulations.

The district court cases cited by the plaintiffs likewise do not support their theory. Only three of the ten cases address the tip credit. Two of the three cases did not involve retention of tips by the employer, see Marshall v. Newport Motel, Inc., No. 71-1007, 1979 WL 15529 (S.D. Fla. May 17, 1979) (employer violated tip credit by taking credit in excess of fifty percent); Hodgson v. Frisch's Dixie, Inc., No. 6641, 1971 WL 837, at *5 (W.D. Ky. Aug. 16, 1971) (employer violated tip credit by claiming tip credit in excess of tips received by employee); and the third case involved conditional certification under 29 U.S.C. § 216(b), where proof of a common policy is all that need be proved, see Bursell v. Tommy's Seafood Steakhouse, No. 06-0386, 2006 WL 3227334, at *2 (S.D. Tex. Nov. 3, 2006).

Because there is no convincing support for the plaintiffs' theory that in order to establish a tip credit violation, they need only prove that employees have been "subject to" a policy which *might* result in, but has *not* resulted in, a divestiture of tips received—an issue on which the

3

plaintiffs bear the ultimate burden of proof—summary judgment shall enter in favor of FSS on the minimum wage claims raised by Morris and Stone.

As to the minimum wage claims raised by the other named plaintiffs, FSS has raised just one viable argument—the voluntariness of their decision to cover the $2 curbside check-in fee.[1] Disputes of fact or, more accurately, disputes about the inferences to draw from facts, preclude resolution of this argument on a summary judgment motion. Although it is undisputed that the other named plaintiffs have covered the $2 curbside check-in fee, the parties offer different, plausible inferences to draw from this fact. FSS asserts that when the other named plaintiffs covered the fee, they voluntarily shared tips with their customers which is permissible under 29 C.F.R. § 531.52, whereas the plaintiffs assert that when the other named plaintiffs covered the fee, they involuntarily turned over tips to their employer which is impermissible under 29 C.F.R. § 531.52. Resolving disputes of fact and "the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] ruling on a motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III. Plaintiffs' Renewed Motion to Allow Notice to be Sent to Potential Plaintiffs Informing Them of Their Right to Opt in to This Case Under the Fair Labor Standards Act, 29 U.S.C. § 216(b)

The plaintiffs have moved to conditionally certify a class of all individuals throughout the country that have worked as skycaps at JetBlue terminals at any time in which the $2 curbside

---

[1] All other arguments raised by FSS lack merit. None of the cases cited by FSS support its argument that employers are not liable for wage law violations if they take reasonable steps to prevent the violation. See, e.g., Davis v. Food Lion, 792 F.2d 1272, 1277 (4th Cir. 1986) (although such a policy existed, the court held that the employer was not liable for overtime because it did not have actual or constructive knowledge of the plaintiff's off-the-clock work). FSS has also offered no evidence supporting its purported lack of knowledge. An allegation that the "plaintiffs paid the customer's bag fee . . . without informing FSS or JetBlue," (Rule 56.1 Statement of Material Facts of Def. Flight Servs. & Sys., Inc. ¶ 21), is not the same as an assertion that FSS did not know they paid the fee.

check-in fee has been in effect (regardless of the skycaps' direct employer) and have been paid less than the federal minimum wage. That motion (dkt. no. 61) is DENIED.

Conditional certification may occur where "the putative class members are 'similarly situated' with the named plaintiffs." O'Donnell v. Robert Half Int'l, Inc., 429 F. Supp. 2d 246, 249 (D. Mass. 2006). For a class to extend beyond the named plaintiffs' own work location, they must demonstrate that "employees outside of the work location for which the employee has provided evidence" were similarly affected by the employer's policies. Horne v. United Servs. Auto. Ass'n, 279 F. Supp. 2d 1231, 1235 (D. Ala. 2003). The named plaintiffs need not "demonstrate the existence of similarly situated persons at every location in the proposed class," but "must demonstrate that there existed at least one similarly situated person at a facility other than [their] own." Adams v. Inter-Con Sec. Sys., Inc., 242 F.R.D. 530, 537 (N.D. Cal. 2007); see also Trezvant v. Fidelity Employer Servs. Corp., 434 F. Supp. 2d 40, 51 (D. Mass. 2006) (limiting class to Merrimack, N.H. analysts because "none of the Employees submitting affidavits purported to know the policies of other branches of the company").

Here, the named plaintiffs have not shown the existence of similarly situated skycaps at JetBlue terminals outside of Boston. There is no evidence in the record that skycaps at JetBlue terminals outside of Boston were paid below federal minimum wage as tipped employees. The named plaintiffs' affidavits state only: "I am paid $2.63 per hour, as are other JetBlue Airways and Flight Services and Systems skycaps *in Boston, Massachusetts*." (E.g., Pls.' Renewed Mot. to Allow Notice to be Sent to Potential Pls. Informing Them of Their Right to Opt in to This Case Under the Fair Labor Standards Act, 29 U.S.C. § 216(b) Ex. G, ¶ 4 (emphasis added).) Although the amended complaint alleges that "[s]kycaps employed by the defendants have been paid a base wage that is less than the federal minimum wage," (Am. Compl. ¶ 38), conclusory

5

allegations do not satisfy the plaintiff's burden, see Trezvant, 434 F. Supp. 2d at 43 & n.2 (explaining that only "substantial allegations," i.e., "detailed allegations supported by affidavits," suffice).

There is also no evidence that skycaps at JetBlue terminals outside of Boston covered, or were subject to a policy requiring them to cover, shortages from their tips. JetBlue may hold skycaps "responsible for the amount checked per bag," (Pls.' Renewed Mot. to Allow Notice to be Sent to Potential Pls. Informing Them of Their Right to Opt in to This Case Under the Fair Labor Standards Act, 29 U.S.C. § 216(b) Ex. A), but nothing in the record suggests that JetBlue requires skycaps to cover shortages from the tips. Rather, the policy about which the plaintiffs complain belongs to FSS. (See id. Ex. C.) FSS only provides skycaps for JetBlue's terminal in Boston. There is no evidence in the record that other contractors at JetBlue terminals outside of Boston hold their skycaps personally liable for shortages. Compare Barreda v. Prospect Airport Servs., Inc., No. 08-3239, slip op. at 2 (N.D. Ill. Sept. 29, 2008) (authorizing conditional certification where all named and putative plaintiffs worked for the same contractor, who conceded it had a company-wide Accountability Policy requiring skycaps to cover shortages).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge